IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARNELL LEE HUEY,

                    Petitioner,

          v.                          CASE NO. 21-3210-SAC

STATE OF KANSAS,

                    Respondent.

NOTICE AND ORDER TO SHOW CAUSE

    This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**Background**

    In March 2011, in case number 10-CR-1677, a jury convicted Petitioner of one count of robbery and one count of criminal use of a financial card. *State v. Huey*, 2012 WL 3966528, at *1 (Kan. Ct. App. 2012) (unpublished opinion) (*Huey I*). The following month, the Shawnee County District Court sentenced him to a controlling sentence of 41 months in prison. See *State v. Huey*, case number 10-CR-1677, Shawnee County District Court Online Records, Action 105. Petitioner timely filed a direct appeal of his convictions.

    Also in April 2011, in case number 10-CR-873, Petitioner pled guilty to and was convicted of one count of robbery and one count of aggravated burglary. *State v. Huey*, 2014 WL 1707807, at *1 (Kan. Ct. App. 2014) (unpublished opinion) (*Huey II*), *aff'd by State v. Huey*, 306 Kan. 1005 (2017) (*Huey III*). On May 24, 2011, the Shawnee

County District Court sentenced him to a controlling sentence of 57 months in prison and 36 months' postrelease supervision. *Huey II*, 2014 WL 1707807, at *1. The district court also "found that [Petitioner] committed the crimes with a deadly weapon—a firearm—and ordered him to register as a violent offender for 10 years from the earliest of his date of parole, discharge, or release." *Id.* Petitioner appealed. *Id.*

On September 7, 2012, the Kansas Court of Appeals (KCOA) issued its unpublished opinion affirming Petitioner's convictions in 10-CR-1677 of one count of robbery and one count of criminal use of a financial card. *Huey I*, 2012 WL 3966528, at *1. Petitioner did not file a petition for review with the Kansas Supreme Court (KSC).

On April 25, 2014, the KCOA issued its unpublished opinion in Petitioner's appeal in 10-CR-873, the case in which he was convicted of robbery and aggravated burglary. *Huey II*, 2014 WL 1707807, at *1. The KCOA held that the 36-month postrelease supervision term was illegal because under the relevant state statute, the district court "was required to sentence [him] to 24 months' postrelease supervision." *Id.* at *2. Thus, the KCOA vacated the postrelease supervision portion of Petitioner's sentence and remanded the case "for resentencing in conformity with the statute." *Id.*

The KCOA rejected, however, Petitioner's argument that the district court violated Petitioner's constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), when it made the factual finding that he used a firearm to commit his crimes and ordered Petitioner to register as a violent offender. *Id.* at *2, 6. Similarly, it rejected Petitioner's argument that the district court violated the constitutional rights recognized in *Apprendi*

when it sentenced him based on a criminal history score the State had not alleged in the complaint or proven beyond a reasonable doubt to a jury. *Id.* at *6-7.

Petitioner filed a petition for review with the KSC, which was granted in June 2016 as to the *Apprendi* arguments only. *Id.* at *1; *Huey III*, 306 Kan. at 1008. While Petitioner's appeal was pending in the KSC, the KSC decided *State v. Charles*, 304 Kan. 158, 178 (2016), which held that requiring violent offenders to register is "punishment" under the Due Process Clause, so *Apprendi* requires that a jury—not a judge—decide whether a deadly weapon was used in commission of the crime. *Charles* explicitly acknowledged, however, that another opinion the KSC issued the same day—*State v. Petersen-Beard*, 304 Kan. 192 (2016)—overruled the caselaw on which *Charles* was based. *Charles*, 304 Kan. at 179.

In early June 2017, Petitioner was released from prison. *State v. Huey*, 2020 WL 5993905, at *1 (Kan. Ct. A00. 2020)(unpublished opinion) (*Huey IV*), *rev. granted* Mar. 25, 2021. As required by Kansas law, Petitioner registered with the Shawnee County Sheriff's office shortly after his release. *Id.* He was required to report to the Sheriff's office again in August 2017 and November 2017. *Id.*

On August 11, 2017, the KSC issued its opinion in Petitioner's case. The KSC first affirmed the KCOA's holding that use of Petitioner's criminal history score did not violate *Apprendi*. *Huey III*, 306 Kan. at 1008. As to the registration requirement, a majority of the KSC held that Petitioner had failed to demonstrate that being required to register as a violent offender constituted punishment, which was required to implicate *Apprendi*. *Id.* at 1009-10. In doing so, the majority held that "*Charles* is not viable

authority for [Petitioner] or other violent offenders as to whether [the offender registration requirement] is punitive." *Id.* at 1006.

Justice Beier dissented, and Justice Rosen and Justice Johnson joined her dissent. *Id.* at 1010-11. They would not have "explicitly or implicitly overrule[d]" *Charles* and would have held that offender registration does constitute punishment. Under that analysis, a jury, not a judge, would have to make any findings of fact that trigger registration requirements. *Id.* Petitioner's subsequent petition for writ of certiorari to the United States Supreme Court was denied. *Huey v. Kansas*, 138 S. Ct. 2673 (2018).

Although Petitioner did not report to the Shawnee County Sheriff's Office in August 2017 as required by the offender registration statutes, he did report in September 2017. *Huey IV*, 2020 WL 5993905, at *1. But he failed to report in November 2017, so in February 2018, the State charged him in case number 18-CR-258 with one count of failing to register. *Id.* In March 2019, a jury found him guilty and in May 2019, the Shawnee County District Court sentenced him to 37 months in prison. *Id.* at *2; *see also State v. Huey*, case number 18-CR-258, Shawnee County District Court Online Search, Actions 91, 105.

Petitioner appealed, arguing that there was insufficient evidence to support his conviction. *Huey IV*, 2020 WL 2020WL 5993905, at *2. The KCOA issued its opinion on October 9, 2020. A majority of the KCOA panel affirmed the conviction, but Judge Atcheson dissented and would have reversed the conviction, vacated the sentence, and entered a judgment of acquittal. *Id.* at *2-5. Petitioner filed a petition for review with the KSC, which the KSC granted on March 25, 2021. *See* Kansas Clerk of the Appellate Courts

Online Records, *State v. Huey*, case number 121,411.

Despite the ongoing proceedings in the KSC, Shawnee County District Court online records reflect that on August 19, 2021, Petitioner filed in the district court, under case number 18-CR-258, a motion to correct illegal sentence, a motion for jail credit, a motion for release from judgment. On September 7, 2021, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.(Doc. 1.) He names as Respondent the State of Kansas, and he identifies as the conviction he is challenging his March 2019 conviction in case number 18-CR-258. *Id.* at 1.

**Discussion**

Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3).

The United States Supreme Court has held that principles of comity dictate that absent unusual circumstances, a federal court shall not intervene in ongoing state-court proceedings unless "irreparable injury" is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "*Younger* abstention is 'non-discretionary . . . absent extraordinary

circumstances,' if the three conditions are indeed satisfied." *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

This case satisfies the three conditions in *Younger*. The state appellate proceedings for the conviction in question are ongoing. Online records of the Kansas appellate courts show that briefing is underway in the KSC. The State of Kansas has an important interest in resolving disputes about its offender registration statutes and alleged violations of its criminal statutes, and the state courts provide Petitioner an adequate opportunity to present his challenges, including his federal constitutional claims. Although "[t]he *Younger* abstention doctrine does not apply 'in case of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown,'" a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Amanatullah*, 187 F.3d at 1165. Petitioner has not done so here.

Petitioner is therefore directed to show cause, in writing, on or before October 11, 2021, why this matter should not be summarily dismissed without prejudice under *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until October 11, 2021, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this

petition should not be dismissed without prejudice pursuant to the *Younger* doctrine.

**IT IS SO ORDERED.**

DATED:  This 10th day of September, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge