```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**DARNELL LEE HUEY,**

                          **Petitioner,**

           **v.**                                        **CASE NO. 21-3210-SAC**

**STATE OF KANSAS,**

                          **Respondent.**

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus, which he filed on September 7, 2021. (Doc. 1.) Petitioner is incarcerated at El Dorado Correctional Facility and he asserts that he was unconstitutionally convicted in state court for failure to register under Kansas' Offender Registration Act. He asks the Court to "overturn the conviction" and "[c]lear [his] Record." *Id.* at 14.

After undertaking a preliminary review of the petition, the Court issued a notice and order to show cause (NOSC) explaining that under *Younger v. Harris*, 401 U.S. 37, 46 (1971), federal courts must abstain from exercising jurisdiction when the following conditions are met: "(1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). (Doc. 4.) The NOSC concluded

that even liberally construing the petition in this case, as is appropriate since Petitioner is proceeding pro se, it appears that all three conditions are met. The state-court appellate proceedings for the conviction at issue in this federal habeas petition are ongoing. The State of Kansas has an important interest in resolving disputes about its offender registration statutes and alleged violations of its criminal statutes, and the state courts provide Petitioner an adequate opportunity to present his challenges, including his federal constitutional claims.

The Court therefore directed Petitioner to show cause, in writing, on or before October 11, 2021, why this matter should not be summarily dismissed without prejudice. The Court cautioned Petitioner that the failure to file a timely response would result in this matter being dismissed without further prior notice to Petitioner.

Petitioner has not filed a response to the NOSC or any other documents in this matter. The Court will therefore dismiss this matter without prejudice pursuant to the *Younger* abstention doctrine. As a result, Petitioner's pending motion for leave to proceed in forma pauperis (Doc. 2.) will be denied as moot. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Petition is **dismissed without prejudice.** No certificate of appealability will issue.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to

proceed in forma pauperis (Doc. 2) is **denied as moot**.

**IT IS SO ORDERED.**

DATED:  This 18th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge